UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LELAND E. COOK, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security Administration, <br><br> Defendant. | CASE NO. C08-5045JKA <br><br> ORDER AFFIRMING ADMINISTRATIVE DECISION |

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ improperly rejected medical opinions of Dr. Adams, Dr. Krueger, Dr. Regets, Dr. Pasic, and Dr. Whitehill; (2) the ALJ improperly ignored the lay witness evidence and improperly rejected Plaintiff's testimony; and (3) the ALJ improperly found that jobs exist in significant number in the national economy that Plaintiff could perform. After reviewing the record, the court finds and orders as follows:

1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.

Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Here, the ALJ's decision is properly supported by substantial evidence and free of legal error.

    2. The ALJ properly evaluated the lay witness evidence and Plaintiff's testimony. The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). Similarly, the ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, after summarizing the medical evidence the ALJ weighed Plaintiff's credibility in the context of his residual functional capacity. The ALJ assessed his credibility using factors assigned by the regulations, including (1) activities of daily living; (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness and side-effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for relief of pain or other symptoms, (6) measures used to relieve pain or other symptoms, and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. Social Security Rulings 88-13 and 96-7p. The ALJ found Plaintiff's testimony credible, but "only to the extent he does have impairments that cause limitations" (Tr. 24). The ALJ stated, "[H]e is not so limited that he is precluded from all work activities. Id.

The ALJ noted the following facts as a basis to discredit Plaintiff's allegations and argument that he is unable to perform any work: (i) a history of not complying with medical directives unless forced to do so; (ii) inconsistency between Plaintiff's statements; (iii) a long and significant history of drug abuse, which Plaintiff denied until confronted with the medical evidence; (iv) a "disability mentality" – Plaintiff has exaggerated his symptoms and limitations; (v) inconsistency between Plaintiff's IQ and his alleged mental limitations; (vi) Plaintiff gave poor effort on mental testing; (vii) Plaintiff has only sought mental health treatment when required to obtain benefits; (viii) inconsistency between allegations of asthma and associated symptoms and Plaintiff's daily smoking of two packs of cigarette; and (ix) lack of objective evidence to support allegations of back pain or seizures. (Tr. 24). The ALJ further noted the lay witness evidence when he found "these statements to be credible to the extent these individuals are simply reporting their observations of the claimant" (Tr. 24). The ALJ discredited the lay witness evidence based on "the assessments of the credible treating and examining physicians, or by the testimony of the medical expert" (Tr. 24).

After reviewing the record, the court finds the ALJ properly relied on substantial evidence to discredit his allegations of total disability. The ALJ's analysis and characterization of the lay witness statements is also supported by substantial evidence in the record. In sum, the court finds the ALJ properly assessed Plaintiff's testimony and the lay witness statements.

3. The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from

the claimant that conflicted with the treating physician's opinion.

Plaintiff argues the ALJ improperly rejected the opinions of Dr. Adams, Dr. Krueger, Dr. Regets, Dr. Pasic, and Dr. Whitehill. The ALJ reviewed the medical opinions in his decision. As noted above, the ALJ relied on the assessments of what he found to be the "credible treating and examining physicians" and "the testimony of the medical expert." Specifically, the ALJ relied on the opinions of Dr. Marquez, Dr. Bremer, Dr. Lysak, Dr. Christianson, Dr. James, and Dr. McDevitt to support his findings and conclusions.

Clearly, this is a case of differing of medical opinions, and the ALJ's decision is properly supported by substantial evidence and free of any legal error. The medical opinion evidence relied upon by the ALJ supports the ALJ's decision. For example, Dr. Marquez evaluated Plaintiff's mental limitations in August 1998. Dr. Marquez measured Plaintiff's full scale IQ to be 75 and found Plaintiff "absent of major mental illness" (Tr. 239). In September 1998, Dr. Lysak assigned only slight restrictions or limitations related to his mental health. Dr. Lysak concluded Plaintiff could follow three-step commands and more complex instructions (Tr. 251). Dr. Devitt, the medical expert who reviewed the entire record and who testified at Plaintiff's administrative hearing, concluded Plaintiff had no severely limiting mental or physical impairments (Tr. 669).

4. Plaintiff's argument that the ALJ improperly found that jobs exist in significant number in the national economy that Plaintiff could perform is based on the premise that the ALJ improperly evaluated the medical evidence and improperly discredited Plaintiff's and the lay witnesses' credibility. As discussed above, the court finds no error in the ALJ's treatment of the medical evidence or Plaintiff's credibility. Therefore, the court finds no merit in Plaintiff's argument that the ALJ failed to satisfy the Commissioner's burden of showing Plaintiff is capable of performing other work in the national economy.

5. The court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 22nd day of September, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge